# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTER DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| KRISTINE TILDEN, as personal representative and next of kin, on behalf of WALTER DECARLO, | )<br>)<br>)<br>) NO:|
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| GENERAL ELECTRIC COMPANY and GE HEALTHCARE, INC., | )<br>)<br>) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants General Electric Company and GE Healthcare Inc. (incorrectly sued as "GE Healthcare, Inc."), by and through counsel, hereby remove this action from the Circuit Court for Anderson County, Tennessee, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville. In support of said Notice, Defendants state as follows:

### Nature of Action

1. This is a products liability action based on allegations that decedent Walter DeCarlo ("Decedent") fractured his arm while undergoing a MRI at Cheyenne Outpatient Diagnostic Center and Methodist Medical Center in Oak Ridge, Tennessee on November 29, 2010. (See Complaint, included in **Collective Exhibit A**, at ¶¶ 3.2-3.4). It is alleged that these Defendants "manufactured, distributed and sold the MRI machine that injured the Decedent."

(Complaint at ¶ 4.2). It is further alleged that Decedent's "death was expedited by the defective MRI machine." (Complaint at ¶ 3.9, Exhibit A).

2. Plaintiffs commenced this action on November 23, 2011 by filing Summonses and a Complaint in the Circuit Court for Anderson County, Tennessee, docketed under No. B1LA0422, and captioned with the parties as styled above.

3. Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings and orders served upon these Defendants are attached hereto as Collective Exhibit A.

## Removal is Timely under 28 U.S.C. § 1446(b)

4. General Electric Company received notice of this action by receipt of a copy of the Summons and Complaint on December 12, 2011 by way of hand delivery to its registered agent for service of process in Tennessee. (Summons included in Collective Exhibit A).

5. GE Healthcare Inc. received notice of this action by receipt of a copy of the Summons and Complaint on December 12, 2011 by way of hand delivery to its registered agent for service of process in Tennessee. (Summons included in Collective Exhibit A).

6. This Notice of Removal is being filed within thirty (30) days after receipt of the original Complaint by these Defendants, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

## The Amount in Controversy Exceeds $75,000 Under 28 U.S.C. § 1332(a)

7. Plaintiffs' Complaint seeks an amount "not to exceed" one million dollars ($1,000,000.00) "for all general, special, incidental and consequential damages incurred, or to be incurred, as the direct and legal result of the acts and omissions of the Defendants...." (Complaint at "Prayer for Relief" at ¶ (1), Collective Exhibit A).

8. It is facially apparent that the one million dollars demanded in Plaintiff's *ad damnum* exceeds $75,000, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

"[T]o *invoke* diversity jurisdiction to remove a case from state court, that party need only show that damages are 'more likely than not' to exceed the jurisdictional threshold at the time of removal." PAG Enter., LLC v. Southeast Petro Distrib., Inc., No. 4:09-CV-88, 2009 WL 3617684, at *1 (E.D. Tenn. Oct. 29, 2009) (quoting Smith v. Nationwide Property & Casualty Ins. Co., 505 F.3d 401 (6th Cir. 2007)); see also Charvat v. GVN Michigan, Inc., 561 F.3d 623, 628 (6th Cir. 2009) ("Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 289 (1938)).

9. As support for the $1,000,000.00 amount referred to her in her *ad damnum*, Plaintiff asks for pain and suffering Decedent allegedly suffered from November 29, 2010 until his death on February 2, 2011. (Complaint at ¶¶ 3.2, 3.9, Collective Exhibit A). Plaintiff also demands "travel and travel-related expenses, burial expenses; and related wage and lost earning capacity damages" in addition to "loss of consortium damages." (Complaint at ¶¶ 9.2, 9.3, Collective Exhibit A). The amount in controversy requirement of 28 U.S.C. § 1332(a) is plainly satisfied.

### There is Diversity of Citizenship

10. Plaintiff is a citizen of Tennessee pursuant to 28 U.S.C. § 1332(c)(2) as she is the legal representative of decedent's estate, and decedent was a citizen of Tennessee at the time of his death.

11. Plaintiff Kristine Tilden alleges that she is the "personal representative and next of kin, on behalf of Walter DeCarlo, deceased..." (Complaint at opening paragraph above ¶ 1.1, Collective Exhibit A). The Complaint at Paragraph 1.1 alleges that Plaintiff Kristine Tilden is a citizen and resident of New Jersey; however, pursuant to 28 U.S.C. § 1332(c)(2), "the legal

3
Case 3:11-cv-00628-TAV-CCS Document 1 Filed 12/30/11 Page 3 of 8 PageID #: 3

representative of the estate of a decedent shall be deemed to be a citizen **only** of the same State as the decedent...." (emphasis supplied). Because the Complaint alleges that Decedent was a "citizen and resident of Anderson County, Tennessee" in Paragraph 1.2, Plaintiff can only be considered a citizen of Tennessee, as Decedent was a citizen of Tennessee at all times relevant to this lawsuit. See Yeubanks v. Methodist Healthcare Memphis Hospitals, 227 F. Supp. 2d 934, 938 (W.D. Tenn. 2002) (holding that plaintiff and legal representative of estate, although residing in Mississippi, was citizen of Tennessee under 28 U.S.C. § 1332(c)(2) because decedent was citizen of Tennessee at time of death). Additionally, Tennessee's wrongful death statute has been interpreted as follows: "The plain language of Tenn.Code Ann. § 20–5–106(a) establishes that in a wrongful death suit only one right of action exists: the action that the decedent would have had, absent death, against the negligent wrongdoer." Ki v. State, 78 S.W.3d 876, 879 (Tenn. 2002). Because there is only one cause of action, there can be only one claimant. Id. ("beneficiaries do not have an individual claim or cause of action for the wrongful death of the decedent"); see also Yeubanks, 227 F. Supp. 2d at 937 ("The Tennessee Supreme Court has repeatedly stated that the statute creates only one cause of action."). Accordingly, for diversity purposes under 28 U.S.C. § 1332(c)(2), the only citizenship that can count for Plaintiff is Tennessee, where the Decedent lived at the time of his death as established on the face of the Complaint. (Complaint at ¶ 1.2, Collective Exhibit A).[1]

12. Defendant General Electric Company is a corporation incorporated under the laws of the State of New York. (See Affidavit of Christopher Sadiq at ¶ 3, attached hereto as **Exhibit**

---

[1] Nor does any claim for loss of consortium create a new statutory plaintiff or a new cause of action for purposes of citizenship under 28 U.S.C. § 1332. See, e.g., Jordan v. Baptist Three Rivers Hosp. 984 S.W.2d 593, 601 (Tenn. 1999) ("We hold that consortium-type damages may be considered when calculating the pecuniary value of a deceased's life. This holding does not create a new cause of action but merely refines the term "pecuniary value.").

B). General Electric Company has its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut, 06828. (See Exhibit B at ¶ 3); (See also Complaint at ¶ 1.3, Exhibit B). Connecticut is General Electric Company's "nerve center" under Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010) because it is the location where the corporation's officers "direct, control, and coordinate the corporation's activities." Id. Pursuant to 28 U.S.C. § 1332(c)(1), General Electric Company is considered a citizen of both the State of New York and the State of Connecticut.

13. Defendant GE Healthcare Inc. is incorporated under the laws of the State of Delaware. (See Exhibit B at ¶ 4). GE Healthcare Inc. has its principal place of business at 101 Carnegie Center, Princeton, New Jersey, 08540, where its headquarters are located and from where its officers direct, control, and coordinate the company's activities. (See Exhibit B at ¶ 4). This location is GE Healthcare Inc.'s "nerve center" under Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010) because it is the location where the corporation's officers "direct, control, and coordinate the corporation's activities." Id. Pursuant to 28 U.S.C. § 1332(c)(1), GE Healthcare Inc. is considered a citizen of both the State of Delaware and the State of New Jersey.

14. Pursuant to 28 U.S.C. § 1332(c)(1) and (c)(2), full diversity exists among all parties in this action since defendants are incorporated and maintain their respective principal places of business in a different state than in which Plaintiff's Decedent resided at the time of his death.

15. For these reasons, diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1). This Court has subject matter jurisdiction over this action.

### All Named Defendants Consent to Removal

16. All named Defendants consent to this removal as both General Electric Company and GE Healthcare Inc. are represented by your undersigned counsel, and join in this Notice of Removal. The "rule of unanimity" as interpreted by the Sixth Circuit is satisfied. Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516 (6th Cir. 2003).

### Plea for Removal

17. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

18. Insofar as the amount in controversy is alleged to exceed $75,000.00 and full diversity exists between the parties, removal is proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

19. Pursuant to 28 U.S.C. § 1446(d), Defendants state that they promptly will serve this Notice of Removal of the action on all adverse parties and promptly will file a copy of this Notice of Removal with the Clerk for the Circuit Court for Anderson County. The notice to the Clerk is attached hereto as **Exhibit C**.

20. Removal to the Northern Division of the United States District Court for the Eastern District of Tennessee is proper under 28 U.S.C. § 1441(a) as the Northern Division encompasses Anderson County, Tennessee pursuant to 28 U.S.C. § 123(a)(1).

**WHEREFORE**, Defendants General Electric Company and GE Healthcare Inc. file this Notice of Removal so that the entire State Court Action under No. B1LA0422, now pending in

the Circuit Court for Anderson County, Tennessee, shall be removed to this Court for all further proceedings.

Respectfully submitted this 30th day of December, 2011.

**PAINE, TARWATER, AND BICKERS, LLP**

_/s/ Dwight E. Tarwater_
Dwight E. Tarwater (BPR #007244)
det@painetar.com
Daniel C. Headrick (BPR #026362)
dch@painetar.com
900 South Gay Street
2200 Riverview Tower
Knoxville, Tennessee 37902
(865) 525-0880
*Counsel for Defendant*
*GE Healthcare Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been properly served via Fedex upon the following:

James K. Scott
Pemberton & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
*Attorney for Plaintiff*

This the 30th day of December, 2011.

_____
Daniel C. Headrick
TN BPR #026362
*Attorney for Defendant*
*General Electric Company and GE*
*Healthcare Inc.*